Santiago v K Mart Corp. (2018 NY Slip Op 01296)





Santiago v K Mart Corp.


2018 NY Slip Op 01296


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5840 20823/14E 43236/15E 43224/16E

[*1]Abel Santiago, Plaintiff-Respondent,
 v
K Mart Corporation, et al., Defendants.
K Mart Corporation, Third-Party Plaintiff,
v
U.S. Security Associates Aviation Services Inc., doing business as U.S. Security Associates, Inc., Third-Party Defendant-Appellant. [And a Second Third-Party Action]


O'Connor Redd, LLP, Port Chester (Hillary Kahan of counsel), for appellant.
Sweetbaum & Sweetbaum, Lake Success (Marshall D. Sweetbaum of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered April 24, 2017, which granted plaintiff's motion to amend the complaint to add U.S. Security Aviation Services, Inc. d/b/a U.S. Security Associates, Inc. as a defendant, unanimously reversed, on the law, without costs, and the motion denied.
The proposed claim against U.S. Security (negligence) fails to state a cause of action. U.S. Security, a security company hired by defendant Kmart, owed no duty to plaintiff, a Kmart customer who was injured in a fight with a Kmart employee inside a Kmart store. Plaintiff was not an intended third-party beneficiary of the contract between Kmart and U.S. Security, which contains a "No Third Party Beneficiaries" clause (see e.g. Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 242 [1st Dept 2013]; Rahim v Sottile Sec. Co., 32 AD3d 77, 79-80 [1st Dept 2006]).
Nor can a duty be imposed on U.S. Security on the ground either that plaintiff relied to his detriment on the continued performance of U.S. Security's contractual duties or that U.S. Security had entirely displaced Kmart's duty to secure its store (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Plaintiff's affidavit says nothing about having knowledge of the contract between Kmart and U.S. Security or about detrimental reliance on U.S. Security's continued performance thereunder (see Aiello, 110 AD3d at 246).
As for entire displacement, while the written scope of U.S. Security's services included "the protection of ... customers ... in the Premises," the deposition testimony of the loss prevention manager at the relevant Kmart store makes it clear that, in actual practice, U.S. Security's services at that store were limited to deterring shoplifting (see id. at 245). Furthermore, U.S. Security did not totally displace Kmart's duty to secure its store, because Kmart retained supervisory authority over the security guards and required U.S. Security's staff to complete training in accordance with its (Kmart's) safety policies and procedures (see id. at 246).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK